**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| EDWARD SIGUEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Case No. GLS-22-672 |
| KING FARM CITIZENS | ) | |
| ASSEMBLY, INC., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION RELATED TO**
**PLAINTIFF'S MOTION FOR RECONSIDERATION**

*Pro se* Plaintiff, Edward Siguel ("Plaintiff"), initiated suit against the following Defendants: King Farm Citizens Assembly, Inc. ("Defendant KFCA");  Donald B. Jackson, Tracy L. Jackson, Nancy Paul, Susan Beckerman, Christopher Leschack, Richard Ricciardi, Matthew Roh, Karen Sicard, Martin P. Green, and Brandi Ruff ("King Farm Individual Defendants"); Ursula Burgess, Esq. ("Defendant Burgess"); and Laurence Frank and Bennett Frank McCarthy Architects, Inc. ("Defendant Frank" and "Defendant BFMA," respectively or collectively "BFMA Defendants").  (ECF No. 1).[1]  Subsequently, Plaintiff was granted leave to file a First Amended Complaint, which he did.  (ECF Nos. 15, 22).

The First Amended Complaint appears to advance the following claims against all Defendants, except as otherwise noted: Count I, violation of the Fair Housing Act (FHA), by failing to allow reasonable modifications (roof balcony);[2] Count II, failure to allow reasonable

---

[1] The extensive procedural history in this case is set forth in the Court's Memorandum Opinion. *See* ECF No. 84. Plaintiff's operative complaint is the "First Amended Complaint." *See* ECF No. 22.
[2] Plaintiff is not pursuing this claim against King Farm Individual Defendants Green and Paul. (ECF No. 22, ¶ 344).

accommodations (roof balcony), in violation of the FHA and the ADA; Count III, disparate impact (roof balcony), in violation of the FHA; Count IV, disparate impact (roof balcony), in violation of the FHA; Count V, retaliation in violation of the FHA; Count VI, failure to allow for reasonable modifications (sheds, patio, and trellis), in violation of the FHA; Count VII declaratory relief related to the King Farm Defendants' ability to enforce their governing documents; Count VIII, intentional discrimination, in violation of the FHA; Count IX, failure to allow for reasonable accommodations and/or modifications, in violation of the FHA and the ADA; and Count X, which appears to be involve allegations of trafficking, involuntary servitude, and forced labor, in violation of 15 U.S.C. §§ 1589,[3] 1590.  (ECF No. 22, hereinafter "First Amended Complaint").

Subsequently, all Defendants filed motions to dismiss the First Amended Complaint.  (ECF Nos. 33, 34, 43).  Plaintiff opposed the motions, and the Defendants replied.  (ECF Nos. 49, 50, 51, 63, 64, 67).  In a thirty-eight-page Memorandum Opinion and an Order dated October 12, 2023, the Court granted in part and denied in part the motions to dismiss.  (ECF Nos. 84, 85).  Specifically, I granted in part the motion by dismissing: (1) Counts I-V, VII, VIII, IX, and X as to all Defendants; (2) that part of Count VI related to the: (i) the Balcony Requests; (ii) the Yard/Storage Requests pertaining to the brick patio over soil; and (iii) the trellis, as to all Defendants; and (3) that part of Count VI, related to the requests for modification(s) of the storage sheds on Plaintiff's front porch and in the back of Plaintiff's house only for the King Farm Individual Defendants and Defendant Burgess.  However, I denied the motion as to Count VI for Defendant KFCA and the BFMA Defendants, specifically pertaining to the accommodation/modification requests related to the storage sheds on Plaintiff's front porch and in the back of Plaintiff's house. *Id.*

---

[3] The Plaintiff also refers to 15 U.S.C. § 1581, which does not exist.

Thereafter, Defendant KFCA filed its Answer.  (ECF No. 100).  The BFMA Defendants have separately filed a motion for reconsideration, (ECF No. 93), which is pending this Court's consideration and will be the subject of a separate memorandum opinion and order.

Following the issuance of the Court's Memorandum Opinion and Order, Plaintiff made a request to extend the time by which he could request reconsideration of the Court's ruling.  (ECF No. 87).  In that request, Plaintiff sought an extension of the deadline for filing a reconsideration motion, and he sought leave to submit a 45-page motion.  (*Id.*).  The Court granted the request in part, extending the filing deadline, but denied the request in part, ordering that Plaintiff's motion should not exceed thirty (30) pages, double-spaced.  (ECF No. 92).

Plaintiff filed a document entitled "Reconsideration of Opinion Dismiss(sic) October 12, 2023 ECF#84," and a memorandum in support thereto. (ECF Nos. 94, 94-1)(hereinafter "Reconsideration Motion" and "Reconsideration Memorandum," respectively).  Attached to the Reconsideration Memorandum and Reconsideration Memorandum were approximately 60 pages, including: (a) appendices that appear to contain "facts;" and (b) exhibits (e.g., Plaintiff's view of relevant statutes and caselaw, Plaintiff's "clarification" of claims, an affidavit, a diagram, additional "facts," and Plaintiff's musings on the future of homeowners' associations).  (ECF Nos. 94-2 through 94-10).  Defendant KFCA, the Individual King Farm Defendants, Defendant Burgess, and the BFMA Defendants have filed responses to the motion filed by the Plaintiff.  (ECF Nos. 102, 109[4], 110, 114).  Plaintiff has filed a Reply to each of the Defendants' responses. (ECF

---

[4] The BFMA Defendants have filed two responses to Plaintiff's Reconsideration Motion.  The first, a document entitled "Answering Memorandum of Defendants Bennet Frank McCarthy Architects, Inc. and Laurence Frank in Opposition to Plaintiff's Motion for Reconsideration," ECF No. 102, was filed on November 17, 2023, and a document called "Amended Answering Memorandum of Defendants Bennet Frank McCarthy Architects, Inc. and Laurence Frank in Opposition to Plaintiff's Motion for Reconsideration," ECF No. 109, was filed on November 24, 2023.  ECF No. 109, was filed in violation of this Court's Order (ECF No. 92, permits the filing of **a** response, not responses), and without the filing of a motion for leave of court to file an amended "answering memorandum." Because the BFMA Defendants have failed to comply with this Court's order, and have failed to seek permission to file an amended response to the Reconsideration Motion, pursuant to Fed. R. Civ. P. 16(f)(1)(C), the Court will exercise its inherent

Nos. 115, 116, 117)("Reply to KFCA," "Reply to BFMA," and "Reply to Burgess," respectively). Attached to the Reply to KFCA and Reply to BFMA were various documents and a diagram. (ECF Nos. 115-1 through 115-3; 116-1 through 116-3).

The matters being fully briefed, no hearing is necessary to resolve the Reconsideration Motion. For the reasons set forth herein, the Court denies the Reconsideration Motion.

## I.    LEGAL STANDARD

Consistent with Fed. R. Civ. P. 54(b), the Court's ruling (and related order) resolving the Defendants' motions to dismiss is considered an interlocutory order because the ruling resolved "fewer than all the claims or the rights and liabilities of fewer than all of the parties." Fed. R. Civ. P. ("Rule") 54(b).  Rule 54(b) also governs motions like the one filed by Plaintiff, i.e., a motion asking the Court to reconsider its interlocutory order granting in part, denying in part Defendants' motions to dismiss. *Deitemyer v. Ryback*, Civ. No. ELH 18-2002, 2019 WL 4393073, at *1 (D. Md. Sept. 12, 2019).  According to the Fourth Circuit, a trial court "retains the power to reconsider and modify its interlocutory [rulings] . .at any time prior to final judgment." *U.S. Tobacco Coop., Inc. v. Big South Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018).

In this Circuit, it is true that the resolution of a motion to reconsider an interlocutory order is "committed to the sound discretion of the [lower] court," *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003), whose goal is "to reach the correct judgment under law." *Deitemyer*, *supra*, 2019 WL 4393073, at *1(quoting *Netscape Commc'n Corp v. ValueClick, Inc.*, 704 F.Supp. 2d 544, 547 (E.D. Va. 2010)(internal citations omitted)). That being said, the Fourth Circuit also makes clear that a court's discretion under Rule 54(b) is not "limitless," and that appellate court has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as

---

power to issue any just order and strike ECF No. 109. *See* Section II.D. for further analysis of the arguments in "Answering Memorandum."

law of the case."[5] *Tobacco Coop*, 899 F.3d at 257.  According to the Fourth Circuit, this is because a court's discretion to revisit earlier rulings in the same case is also subject "to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Tobacco Corp*, *supra*, at 257 (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2nd Cir. 2003)(internal quotation marks omitted)); *see also Sejman*, 845 F.3d at 68 (citation omitted)(law of the case doctrine is a "prudent judicial response to the public policy favoring an end to litigation")).

Putting all of these legal concepts together, then, the Court understands the law to be that a court can revise an interlocutory order "in the same circumstances in which [a court] may depart from the law of the case, [namely]: (1) a subsequent trial proceeding producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson. v. Bos. Sci. Corp*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation marks and alteration omitted).

## II.   DISCUSSION

### A. Arguments

#### 1. *Plaintiff's Arguments*

The Court recognizes that Plaintiff is *pro se*, and has accorded his Reconsideration Motion, Reconsideration Memorandum, Replies, and attachments thereto as liberal a construction as

---

[5] According to the Supreme Court, the "law of the case doctrine" provides that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"  *Musacchio v. United States*, 557 U.S. 237, 244-45 (2016)(quoting *Pepper v. United States*, 562 U.S. 476, 506 (2011); *see also Carlson v. Bos. Sci. Corp*, 856 F.3d 320, 325 (4th Cir. 2017)(same). The goal behind this doctrine is to promote the interests of finality and judicial economy. *Christianson v. Colt Indus. Oper. Corp.*, 486 U.S. 800, 816 (1988); *see also Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988)(law of the case doctrine precludes a party from reviving issues that were previously decided).

feasible, given the state of his filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).[6]

In general, Plaintiff advances two arguments in his Reconsideration Motion.  First, Plaintiff contends that the Court's interlocutory order "is clearly erroneous, contrary to law, ignored or incorrectly interpreted law, critical facts."  (Reconsideration Motion, p. 2).  Second, Plaintiff asserts that in his Reconsideration Motion he "clarifies legal arguments which the Court found vague, responds to new ones from the Court's Opinion, asks the Court to make rulings omitted or clarify them when ambiguous, consider recent changes in law/regulations."  (*Id.*).  Plaintiff also articulates that his Reconsideration Motion and Reconsideration Memorandum "explain[s] why Plaintiff requests a different decision."  (*Id.*).

As set forth herein, having evaluated the Reconsideration Motion and Reconsideration Memorandum on the merits, the Court finds that Plaintiff fails to meet the high bar to succeed on his Reconsideration Motion.  Put another way, the Reconsideration Motion and Reconsideration Memorandum: (1) do not identify evidence obtained during litigation; (2) do not establish that there has been a change in relevant [or applicable] law; and (3) have not established that a clear error has occurred, which causes manifest injustice if it is not corrected.

### 2. Defendant KFCA and the Individual KFCA Defendants

The KFCA Defendants only ask the Court to strike the Reconsideration Motion because it allegedly violates a court order. (ECF No. 114, p. 3).[7]

---

[6] Unfortunately, Plaintiff's motion, memorandum and replies are often rambling and frequently incomprehensible. Because they were difficult to follow, then, the Court did its best to interpret them. As was the case when liberally construing Plaintiff's Amended Complaint, when interpreting Plaintiff's Reconsideration Motion, Reconsideration Motion, and Reply briefs, the Court did not "act as an advocate" for Plaintiff. Indeed, it would be improper to do so and would put an impermissible "strain [on] judicial resources." *See generally Lewis-Davis v. Bd. of Educ. of Baltimore Cnty.*, Civ. No. ELH-20-0423, 2021 WL 4772918, at *8 (D. Md. Oct. 13, 2021) (internal citations omitted).
[7] The relevant Order, ECF No. 92, states that "Plaintiff's Motion shall not exceed 30 pages, double-spaced." In the Order, the Court intended to state that Plaintiff's motion and memorandum in support thereto combined were not to exceed 30 pages, but the Court did not do so.  The Reconsideration Motion is 22 pages, and the Reconsideration Memorandum is 37 pages (including 4 pages of appendices). Accordingly, Plaintiff Siguel has not violated ECF No. 92, as it was written.

### 3. Defendant Burgess

Defendant Burgess filed an opposition to the Reconsideration Motion. In the opposition, Defendant Burgess does not allege that the Court erred in its interlocutory order. Rather, Defendant Burgess asserts that: (1) she is entitled to qualified privilege; and (2) the "fraud exception" to the qualified privilege doctrine does not apply. (ECF No. 110).

### 4. The BFMA Defendants

The BFMA Defendants filed an "Answering Memorandum of Defendants Bennet Frank McCarthy Architects, Inc. and Laurence Frank in Opposition to Plaintiff's Motion for Reconsideration" ("BFMA Defendants' Answering Memorandum" or "Answering Memorandum") (ECF No. 102).[8]  Reviewing the Answering Memorandum, the Court finds that it could be liberally construed as responding, in part, to some arguments advanced in the Reconsideration Memorandum related to "use and enjoyment."  However, the primary purpose seems to be an attempt to persuade the Court to revisit its order denying the BFMA Defendants' motion to dismiss as to Count VI (storage sheds).[9]  Responding to Plaintiff's arguments in an opposition is proper; using that response to raise issues that should have been fully briefed in a timely-filed reconsideration motion is improper.[10]

---

[8] See Note 4, *supra*.

[9] The BFMA Defendants assert "there is one discrete component of the Court's *Memorandum Opinion* upon which *Plaintiff's Motion for Reconsideration* relies which some clarification by the Court will be dispositive as to both the issues raised in *Plaintiff's Motion* and the merit (or lack thereof) of the remaining Count IV(sic) shed claim."  (ECF No. 102, p. 6).  Then, the BFMA Defendants cite to this Court' analysis of their motion to dismiss briefing, asserting that the Court incorrectly interpreted caselaw. (*Id.*, at p. 7).  Next, the BFMA Defendants "request the Court's forbearance in suggesting reconsideration of [the Court's analysis in its Memorandum Opinion]," asserting that such reconsideration would "provid[e] the sword to cut the Gordian Knot presented by Plaintiff's *First Amended Complaint* claims, given the arguments raised in *Plaintiff's Motion for Reconsideration* for which application of the objective legal meaning of "use and enjoyment" provides a straightforward means of addressing, rebutting, and finally resolving Plaintiff's Fair Housing Act claims against the BFMA Parties." (*Id.*, pp. 7, 8).

[10] Local Rule 105.10 (D. Md. 2023) requires a party to file a motion for reconsideration within 14 days after entry of a court's order.  Here, the BFMA Defendants complied with that Local Rule and timely filed a reconsideration motion. (*See* ECF No. 93). For some reason, however, that timely-filed reconsideration motion raises other issues and does not directly ask this court to revisit its decision related to "use and enjoyment," especially with an eye towards dismissing Count VI (storage sheds). The Court does not understand by the BFMA Defendants failed to raise the full

As set forth herein, the Court analyzed the BFMA Defendants' arguments as required by *Carson* and its progeny.

**B.  Evidence and Other Materials Submitted by Plaintiff**

   *1.  Documents Attached to the First Amended Complaint*

As a preliminary matter, in the Reconsideration Motion, Plaintiff appears to complain that the Court did not construe every document that he attached to his First Amended Complaint as being explicitly incorporated as part of that pleading.  Plaintiff appears to suggest that Fed. R. Civ. P.10(c) and relevant caselaw required this Court to do so when resolving the motions to dismiss filed by the Defendants.  (ECF No. 115-1).  Plaintiff seems to suggest that had the Court considered his attachments to the First Amended Complaint, then it would not have granted the Defendants' motions to dismiss.  (*Id.*).  Relatedly, perhaps to persuade the Court that it erred in largely granting the Defendants' motions to dismiss, the Plaintiff attached many documents to the Reconsideration Motion and the Replies.  Analyzing the factors set forth in *Carlson, supra,* 856 F.3d at 325, Plaintiff's Reconsideration Motion does not identify evidence that he obtained through litigation, nor identifies a change in applicable law, nor does he establish how the Court committed error causing manifest injustice.

When resolving the motions to dismiss, because the Defendants filed Rule 12(b)(6) motions challenging whether Plaintiff adequately plead causes of action, this Court was required to review the allegations set forth in the First Amended Complaint to ascertain whether the pleading coherently alleges sufficient facts to state a claim upon which relief can be granted.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, as a general matter, the Court's role was

---

"use and enjoyment" argument in their own Reconsideration Motion, given that the Answering Memorandum refers repeatedly to the BFMA Defendants' motion to dismiss and reply brief, (*See, e.g.,* ECF No. 102, pp. 7, 12, 13, 15, 27).  The Court declines to entertain any untimely-filed arguments.

to evaluate the sufficiency of the First Amended Complaint—to determine how well or adequately the Plaintiff has pleaded causes of action.  *Twombly*, 550 U.S. at 555, 556 (complaint must set forth enough facts as to suggest a "cognizable cause of action").

To make that determination, this court "[had to] be able to draw [**reasonable**] inference[s] [from the **well-pleaded** facts] that the defendants [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(emphasis supplied). A plaintiff's complaint that is confusing, rambling, vague, and/or ambiguous fails to plausibly allege entitlement to relief and contravenes Fed. R. Civ. P. 8(a) *See Jianqing Wu v. TrustPoint Int'l*, Civ. No. PWG-15-1924, 2015 WL 13091378, at *1 (D. Md. Oct. 5, 2015) (citing *Wallach v. City of Pagedale*, 359 F.2d 57, 58 (8th Cir. 1966) (dismissal appropriate where allegations are "[c]onfusing, ambiguous, redundant, vague and, in some respects, unintelligible….").

It is well established that a court is not  to resolve factual disputes between the parties when resolving a motion to dismiss. *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir 2007).  When resolving a Rule 12(b)(6) motion, a court **can choose to exercise its discretion** and consider "matters outside of the pleadings." *See* Fed. R. Civ. P. 12(d)(emphasis supplied). If the court looks at documents "outside of the pleadings," it may have to treat a motion to dismiss like a summary judgment motion, which means that a court has to provide all parties with a "reasonable opportunity to present all the material that is pertinent to [resolving the summary judgment] motion." *See Goines v. Valley Cmty. Servs. Bd*., 822 F.3d 159, 166 (4th Cir. 2016); *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013); *see also* Fed. R. Civ. P. 56.

In general, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours v. Kolon Indus., Inc.*, 637 F3d 435, 448-49 (4th Cir. 2011); *see also Putney v. Likin*, 656 Fed. App'x 632, 639 (4th Cir. 2016) (per

curiam) (same); *McCray v. Md. Dep't of Transp., Md. Transit Admin*., 741 F.3d 480, 483 (4th Cir. 2014) (same).  In this case, no Scheduling Order had been entered governing discovery, so it would be inappropriate for the Court to have converted the motions to dismiss to motions for summary judgment.

Given the procedural posture of the case, then, when resolving the Rule 12(b)(6) motions, this Court could consider documents "outside" of the First Amended Complaint in a certain manner without converting the motions to dismiss to summary judgment.  Specifically, the Court *could* (in its discretion) consider additional documents outside of the pleading only if the documents are explicitly incorporated into a complaint by reference. *Goines*, 822 F.3d at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Alternatively, the Court could have exercised its discretion and "consider[ed] a document submitted. . . that was not attached to or expressly incorporated [by reference] in a complaint, so long as the document was integral to the complaint, and there is no dispute about the document's authenticity." *Goines, supra* (citing *Sec'y of State for Defense v. Trimble Nav. Ltd.* 484 F.3d 700, 705 (4th Cir. 2007)). When the court so considers the documents, it does not run afoul of Fed. R. Civ. P. 12(d). *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

Here, the Court reviewed the First Amended Complaint and the exhibits attached thereto as best it could, and exercised its discretion, finding that only two documents outside of the pleading could be considered without converting the motions to dismiss into summary judgment motions: the KFCA Charter and Exhibit #05. The first document, the KFCA Charter, was mentioned extensively in the First Amended Complaint. S*ee, e.g.*, ¶¶ 32, 33, 94-97, 108, 110, 111, 114, 117.  It was a key document upon which Plaintiffs' claims were based. The KFCA Charter was not attached to the Plaintiff's First Amended Complaint or Complaint, but it was attached to

the BFMA Defendants' motion to dismiss.[11] Thus, the Court properly considered the KFCA Charter as integral to the First Amended Complaint without converting the motions into summary judgment motions. *Goins*, *supra*, 822 F.3d at 166; *see also* Fed. R. Civ. P. 10(c). The second document, Exhibit #05, is mentioned in the First Amended Complaint, and clearly articulates the bases for Defendant KFCA's complaints against Plaintiff (e.g., how he allegedly violated the KFCA Charter and KFCA resolutions by failing to maintain his yard in a "neat" fashion). Exhibit #05 contains the demands that KFCA made of Plaintiff. (*See, e.g.,* First Amended Complaint, ¶ 371). It was these allegations that contributed to Plaintiff filing his lawsuit; i.e., Exhibit #05 was "integral" because it is a document "by its 'very existence, *and not the mere information it contains*, [that] gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp. 2d 601, 611, (D. Md. 2011)(citation omitted)(emphasis in original); *see also* Fed. R. Civ. P. 10(c)("a copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

In sum, I exercised my discretion and found the two above-referenced documents to be integral to the First Amended Complaint. I declined to consider any of the other documents in making my motion to dismiss ruling so as not to convert the motions to dismiss into summary judgment motions. This ruling was consistent with the law. *See Occupy Columbia*, *supra*, 738 F.3d at 116-17. No error occurred.

Having again held that the Court is not required to construe every document that Plaintiff submitted as part of his operative pleading, the Court now turns to analyzing the three bases articulated in *Carlson v. Bos. Sci. Corp*, *supra* ("*Carlson* factors or bases") to determine whether its prior interlocutory order must be revised.

---

[11] *Compare* ECF No. 1 with ECF No. 22 and ECF No. 33-4.

2.  *Plaintiff's Attachments to the Reconsideration Motion and His Replies*

As stated previously, the first *Carlson* basis pursuant to which a court can revise an interlocutory order is "a subsequent trial proceeding producing substantially different evidence." *Carlson*, *supra*, at 325. Interpreting the law, the Court finds that this basis applies to "account for potentially different evidence discovered during litigation." *Tobacco Corp*, *supra*, 899 F.3d at 256 (quoting *Carlson, supra,* 856 F.3d at 325).  Thus, in order for the Court to revise its interlocutory order based on substantially different evidence put in front of it, there has to be evidence discovered during litigation, "not simply [material] that a party could have offered initially, but chose not to." *Smith v. Wormuth*, Civ. No. ELH 20-419, 2022 WL 44625, at *3(further citation omitted).

Attached to the Reconsideration Motion were the following:

| ECF No. and/or Exh. Number | Plaintiff's Description |
| --- | --- |
| 94-1, p. 34 | Appendix A- Table 1. Applications for Changes (modifications) Who is involved in each request |
| 94-1, p. 35 | Appendix A- Table 2. Applications for Changes (accommodations) Who is involved in each request |
| 94-1, p.36 | Appendix B. Resale Inspections. Lot Inspections. |
| 94-1, p. 37 | Appendix C. List and Description of Exhibits |
| 94-2, Exhibit # O63 | Affidavit of Plaintiff about adverse effects of KFCA actions, with extracts of other evidence).(sic) #O63 organizes, summarizes evidence from previously filed exhibits and logical inferences or rephrasing from them, ignored or misconstrued by Court. |
| 94-3, Exhibit # O64 | Extracts, summaries of evidence from exhibits and Complaint (for Court's convenience) |
| 94-4, Exhibit # O65 | Relevant statutes, regulations, Court's decisions |
| 94-5, Exhibit # O66 | Updated Timetable of events with actions by Defendants, sequence |
| 94-6, Exhibit # O67 | Letter to KFCA about revised HUD DOJ |

| ECF No. and/or Exh. Number | Plaintiff's Description |
|---|---|
| 94-7, Exhibit # O68 | KFCA Alleged violations of houses. Sample of pages original over 100 pages (sic) |
| 94-8, Exhibit # O69 | Exchange letters with KFCA about inspecting roof balcony in 2020 |
| 94-9, Exhibit # O70 | Diagram of house and garage and patio location |
| 94-10, Exhibit # O71 | The Future of HOAs and modern society |

Attached to Plaintiff's Reply to the KFCA Defendants' "Opposition to Plaintiff's Motion for Reconsideration of the Court's October 12, 2023 Memorandum Opinion" ("KFCA Defendants' Opposition") were the following:

| ECF No. | Plaintiff's Description |
|---|---|
| 115-1 | Appendix A. The Court must consider Exhibits filed with the Complaint as if they are part of the complaint. |
| 115-2 | Appendix B. Purpose of Fair Housing Act |
| 115-3 | Samples of paragraphs from Complaint and Exhibits with Complaint |

Attached to Plaintiff's Reply to the BFMA Defendants' Answering Memorandum were the following:

| ECF No. | Plaintiff's Description |
|---|---|
| 116-1 | Appendix A. Facts from Complaint and Exhibits |
| 116-2 | Appendix B. Letter to BFMA + KFCA Defendants about property rights |
| 116-3 | Discussion about the role of KFCA founding documents, Charter and Bylaws |

Plaintiff's Reply to the "Opposition of Defendant Ursula Burgess, Esq. to Plaintiff's Motion for Reconsideration of Dismissal" ("Burgess Opposition") did not have any exhibits attached.

Reviewing the attachments, Plaintiff fails to satisfy the first *Carlson* basis to require revision of the Court's interlocutory order. For example, Plaintiff provided: (1) a document that contains Plaintiff's personal views on Homeowners Associations (ECF No. 94-10); (2) an extract from a U.S. Department of Justice press release (e.g., ECF No. 115-2); and (3) a document that Plaintiff describes as "Over 1,000 KFCA Home Inspections Alleged Violations for 2022," which he asserts is a "spreadsheet of alleged violations prepared by KFCA.  Owner requested more evidence on these matters, other years. KFCA did not respond."  (ECF Nos. 94-1, p. 37; 94-7 (Exh.#O68)).  As a preliminary matter, Plaintiff fails to cogently articulate their relevance to the Reconsideration Motion. Assuming that the documents have some relevance, there is no indication that these documents contain "potentially different evidence discovered during litigation." *Tobacco Corp*, *supra*, 899 F.3d at 256 (quoting *Carlson, supra,* 856 F.3d at 325).  Put another way, upon review of the Reconsideration Motion, Plaintiff does not allege that the Court should revise its earlier ruling due to a "subsequent trial producing substantially different evidence." *Carlson, supra,* 856 F.3d at 325. Relatedly, assuming that these documents are relevant to the Reconsideration Motion, there is no indication that they were otherwise unavailable to Plaintiff Siguel when he initiated this litigation or filed his First Amended Complaint. In sum, these documents and their contents do not establish a proper ground for reconsideration.

Plaintiff has also submitted: (1) an affidavit, executed in November 2023, which he believes "organizes [and] summarizes evidence from previously filed exhibits, and logical inferences or rephrasing from them, ignored or misconstrued by Court." (ECF Nos. 94-1, p. 37;

94-2 (Exh.#O63)); (2) appendices that contain his opinion of what his believes that First Amended

Complaint pleads (ECF No. 94-1, pp. 34, 35); (3) a "List of Claims/Counts by Number. Summary;"

(ECF No. 94-3 (Exh. #O64)); and (4) "Appendix C. Discussion about the role of KFCA founding

documents, Charter and Bylaws." (ECF No. 116-3).   Analyzing these documents, the Court finds

that Plaintiff's factual allegations (often intertwined with his view of the law) were already made

in the First Amended Complaint (*see, e.g.,* ¶¶ 20-56, 67-125, 126-340) and were considered by the

Court in its Memorandum Opinion, in the manner required at the motion to dismiss stage. *See*

ECF No. 84, pp. 4-9, 11, 16-36. The Court analyzed Plaintiff's claims in considerable detail. *Id.*

Plaintiff's disagreement over this Court's interpretation of his confusing narrative of claims that

he attempted to plead in the First Amended Complaint is not a sufficient basis for reconsideration.

Next, to the extent that any of the aforementioned documents can be construed to raise "new"

allegations, Plaintiff Siguel does not allege that the Court should revise its earlier ruling due to a

"subsequent trial producing substantially different evidence." *See Carlson, supra,* 856 F.3d at 325.

Put another way, Plaintiff cannot claim that the facts set forth in these documents are "potentially

different evidence discovered during litigation."  *Tobacco Corp*, *supra*, 899 F.3d at 256 (quoting

*Carlson, supra,* 856 F.3d at 325).  The evidence set forth in the aforementioned documents is not

new or previously unavailable to Plaintiff.   Indeed, the reasonable inference is that these

documents are newly submitted, not that the facts are newly available.   Moreover, the fact that

Plaintiff Siguel failed to "present his strongest case in the first instance," does not mean that he

has a "right to raise new theories or arguments in a motion to reconsider." *Fidelity State Bank,*

*Garden City, Kan. V. Oles*, 130 B.R. 578, 581 (D. Kan. 1991)(citing *Renfro v. City of Emporia*,

732 F.Supp. 1116, 1117 (D. Kan. 1990); *Butler v. Sentry Insurance,*, 640 F.Supp. 806, 812 (N.D.

Ill. 1986)).  Last, to the extent that Plaintiff submits these documents as a request to again amend

his lawsuit, Plaintiff fails to follow the dictates of Fed. R. Civ. P. 15, which governs amendment of complaints.[12] In sum, these documents and their contents do not establish a proper ground for reconsideration.

Plaintiff has also submitted: (1) "Appendix C. Samples of paragraphs from the Complaint and Exhibits with Complaint;" (ECF No. 115-3); and (2) "Appendix A: Facts from Complaint and Exhibits." (ECF No. 116-1). Reviewing ECF No. 115-3, only paragraphs 49, 50, 54, 60, 66, 67 and 70 track the language in the First Amended Complaint. The remaining paragraphs that Plaintiff refers to (namely, 75, 78, 81, 82, 89, 90, 91, 92, 94, 109, 110, 113, 146, 148, 240, 249, 257, 258, 260, 318, 368) do not capture the language in the First Amended Complaint. Instead, they appear to be Plaintiff's attempt to amend his lawsuit or to clarify what he meant to plead in the first instance. Reviewing ECF No. 116-1, the paragraphs referenced therein (245, 41, and 61) do not capture the language in the First Amended Complaint. Instead, submission of these documents could be Plaintiff's attempt to amend his First Amended Complaint. In seeking to put these exhibits before the Court in this fashion, Plaintiff fails to follow the dictates of Fed. R. Civ. P. 15. In sum, these documents and their contents do not establish a proper ground for reconsideration.

Plaintiff has also submitted: (1) "Updated Timetable of Events with actions by Defendants, sequence. Updates Exhibit #030 with evidence from other exhibits;" (ECF Nos. 94-1, p. 37; 94-5 (Exh.#O66)); (2) "Letter to KFCA about revised HUD DOJ," which refers to alleged

---

[12] As a preliminary matter, if Plaintiff seeks leave to amend his complaint, he must comply with Fed. R. Civ. P. 7(b) and Local Rule 105.1(D. Md. 2023). In addition, a motion for leave to amend a pleading is governed by Rule 15 of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of course so long as it is done within 21 days after serving the pleading or 21 days after service of the responsive pleading. Fed. R. Civ. P. 15(a)(1). According to Fed. R. Civ. P. 15(a)(2), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." There are exceptions to this liberal standard for amendments, however, including prejudice to the opposing party, bad faith on the part of the moving party, and futility. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)(en banc). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962)(court may also deny leave to amend if plaintiff has amended more than once already without curing the deficiencies in the complaint).

communications between Plaintiff and attorney Burgess in September 2023; (ECF Nos. 94-1, p. 37; 94-6); (3) an affidavit executed in November 2023, which Plaintiff Siguel describes as "Exchange letters with KFCA about inspecting roof balcony in 2020;" (ECF Nos. 94-1, p. 37; 94-8, Exh. #O69)); and (4) Appendix B. Letter to BFMA + KFCA Defendants about property rights," which  appears to be dated December 4, 2023, (ECF No. 116-2).   These documents appear to be authored either while the motions to dismiss were pending this Court's consideration or after the Court issued its Memorandum Opinion on October 12, 2023.  Three of the documents were clearly created after the First Amended Complaint was filed, (ECF Nos. 94-8 (Exh.#O69) and 116-2). Upon review of the Reconsideration Motion, Plaintiff does not allege that the Court should revise its earlier ruling due to a "subsequent trial producing substantially different evidence." *See Carlson, supra,* 856 F.3d at 325.  Next, there is no indication that any of these documents or the alleged facts therein were otherwise unavailable to Plaintiff Siguel when he initiated this litigation or when he filed his First Amended Complaint.  Moreover, as stated previously, Plaintiff's disagreement over this Court's interpretation of his First Amended Complaint is not a sufficient basis for reconsideration. Finally, submission of these documents could be Plaintiff's attempt to amend his First Amended Complaint; as held previously, Plaintiff fails to follow the dictates of Fed. R. Civ. P. 15, and it is improper to use a motion for reconsideration to amend his pleading. In sum, these documents and their contents do not establish a proper ground for reconsideration.

Plaintiff has also submitted "Diagram of house and garage and patio location." (ECF Nos. 94-1, p. 37; 94-9 (Exh.#O70)). To the extent that this diagram can be construed to raise "new" allegations, Plaintiff Siguel cannot claim that this diagram is "potentially different evidence discovered during litigation." *Tobacco Corp*, *supra*, 899 F.3d at 256(quoting *Carlson, supra,* 856 F.3d at 325). Put another way, upon review of the Reconsideration Motion, Plaintiff does not allege

that the Court should revise its earlier ruling due to a "subsequent trial producing substantially different evidence." *See Carlson, supra,* 856 F.3d at 325. There is no indication that the diagram is new or was previously unavailable to Plaintiff. Finally, submission of the diagram could be Plaintiff's attempt to amend his First Amended Complaint; as held previously, Plaintiff fails to follow the dictates of Fed. R. Civ. P. 15; and, adding or revising his existing claims is not a proper use of a motion for reconsideration.

Finally, reviewing ECF Nos. 115-1, the Court has already held above in Section II.B.1 its understanding of the law requiring exhibits that it must consider in evaluating a motion to dismiss.

In sum, Plaintiff fails to satisfy the first *Carlson* basis for reconsideration.

**C.  Change in Applicable Law**

As set forth in *Carlson*, a reconsideration motion may also be properly entertained when a party demonstrates that there is a change in applicable law. 856 F.3d at 325. Thus, a reconsideration motion may be proper when, for example "the law has been changed by a body with greater authority on the issue [presented, such as] a court higher in hierarchy of a single court system, a state court developing law that controls [a] decision by a federal court, an administrative agency that is peculiarly responsible for elaborating a statutory scheme, or the same court sitting en banc." Charles Allen Wright & Arthur Miller, *Federal Practice and Procedure § 4478* (3d. ed. June 2024 update)(footnotes omitted).

In this case, Plaintiff does not argue that there has been a "change in applicable law," nor that there has been a change in a statute or regulation, either of which contravenes the legal principles underpinning this Court's Memorandum Opinion. Instead, Plaintiff claims that the Court erred in not considering the case law, statutes, or regulations that he deems relevant in a manner that he believes is appropriate.  Reviewing the Reconsideration Motion, Reconsideration

Memorandum, and Reply briefs, the Court finds the following trends: (1) Plaintiff does not always cite to case law; [13] (2) Plaintiff does not always cite to relevant case law in this District, Circuit or elsewhere; and (3) Plaintiff, at times, cites to cases, statutes, and regulations already considered by the Court. *See, e.g.,* ECF No. 94, p. 19, n. 11, n. 12 and p. 20, n. 13; ECF No. 94-1, pp. 5, 8, 14, 20, 26, 27, 28, 29, 30; ECF No. 115, pp. 3, 4, 6, 16, 17; ECF No. 116, pp. 7, 8, 16, 17. Consideration of the aforementioned does not lead the Court to conclude that there has been a change in applicable law that requires the Court to revise its interlocutory order. Instead, Plaintiff is using his reconsideration filings as a way to relitigate the Court's prior decision because he is dissatisfied with the outcome. Under such a circumstance, the Court is not required to revise its interlocutory order. *See Beyond Sys. Inc. v. Kraft Food, Inc.*, Civ No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010); *see also Butz v. Pulte Hom Corp.*, Civ. No. PX 16-1508, 2017 WL 1546407, at *1 (D. Md. Apr. 28, 2017).

In sum, Plaintiff has not established the second basis for reconsideration.

### D.  Clear Error Causing Manifest Injustice

Regarding the third basis for reconsideration of a court's interlocutory order, the Fourth Circuit has held that it is difficult to meet the high bar of establishing clear error causing manifest injustice. Specifically, the Fourth Circuit has held:

> As we have noted on more than one occasion, "[a] prior decision does not qualify for th[e] third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong."

*U.S. Tobacco Coop.*, *supra*, 899 F.3d at 258 (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009))(alterations in *U.S. Tobacco Coop.*). Put another way, a party cannot use a motion

---

[13] For instance, Plaintiff cites to a U.S. Department of Justice (DOJ) and U.S. Department of Housing and Urban Development joint statement. *See* ECF No. 94-1, p. 5, n. 3. Plaintiff also cites to a DOJ press release. *See* ECF No. 115-2.

for reconsideration "to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." *Lynn v. Monarch Recovery*, 953 F. Supp. 2d. 612, 620 (D. Md. 2013)(further citation omitted); *see also Sanders v. Prince George's Public School System*, Civ. No. RWT 08-501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011)(reconsideration motion "not a proper place to re-litigate a case after the court has rule against a party, as mere disagreement with a court's rulings will not support granting such a request").

Plaintiff's motion, memorandum and Replies do not establish that the Court erred.  Instead, Plaintiff disagrees with the Court's rulings.  In Plaintiff's view, the Court should evaluate the KFCA Charter, the Fair Housing Act and the caselaw in a way that he deems appropriate, proposing alternative views of interpretation that are not required by the law. The Court has considered the Reconsideration Motion, Reconsideration Memorandum, and Replies and none of them adequately identify clear errors of law. Thus, his motion for reconsideration is improper. *Lynn*, *supra*, 953 F.Supp. 2d at 620.

Because Plaintiff has not sufficiently addressed the grounds for reconsideration under *Carlson*, the Court is not required to repeat the same arguments that it considered and rejected before in deciding the motions to dismiss. *Sanders*, 2011 WL 4443441, at *1. In the Memorandum Opinion, the Court extensively reviewed the First Amended Complaint by citing to the paragraphs in that pleading, and carefully analyzed the facts, statutes and regulations referenced therein, in a manner consistent with relevant legal precedent. *See* Memorandum Opinion, pp. 16-37. For example, the Court dismissed Counts II and IX because the lawsuit involves a private residence and a Homeowners association, so the Americans with Disabilities Act does not apply.  The Court dismissed Counts III and VIII, because Plaintiff failed to meet the clear pleading standards of *Iqbal*

and *Twombly*.  The Court dismissed Count IV, finding that the facts as confusingly pleaded, seemed to suggest that 24 C.F.R. § 1007 is a separate cause of action (it is not).  The Court dismissed Count VII, finding that the facts as confusingly pleaded, failed to adequately plead any cause of action against any Defendant.  The Court dismissed Count X, finding that the facts did not sufficiently allege any facts that could establish a forced labor claim under federal law. The Court dismissed Counts I-IV, VI-X against Defendant Burgess after reviewing the First Amended Complaint and finding that Defendant Burgess was entitled to qualified privilege and Plaintiff failed to particularly plead any claim of fraud. The Court dismissed Counts I-IV, VI-X as to all Defendants (except for Count VI as to the storage sheds, which involved the BFMA Defendants and KFCA Defendant) because the Plaintiff made broad, sweeping and frequently-unintelligible claims against them, in violation of *Iqbal* and *Twombly*.

A separate word about Plaintiff's Balcony Requests, Yard/Storage Requests, and the Mandated Maintenance Requests claims.  First, when constructing the First Amended Complaint liberally, the Court found that Counts I and VI pleaded modification requests, and Counts II and IX pleaded accommodation requests.  Next, the Court analyzed the Fair Housing Act's reasonable accommodation and modification provisions, in light of relevant district court and Fourth Circuit caselaw, and a well-reasoned case out of the Third Circuit, *Vorchheimer v. Philadelphian Owner's Ass'n*, 903 F.3d 100, 10 (3rd Cir. 2018). The Court also analyzed whether the accommodation or modification requests were reasonable/necessary.  Regarding the Balcony Requests, construing the facts in the light most favorable to the Plaintiff, the Court found that the Balcony Requests, as pleaded, do not allow the Court to infer that they are "necessary" as defined by the FHA. "Necessity" is a high bar to clear. The Court found that the accommodation/modifications that Plaintiff pleaded may be "preferable," but they are not "essential" and, therefore, are not

"necessary."[14] Therefore, Counts I and II were dismissed.  Memorandum Opinion, pp. 21-27. Regarding the Mandated Maintenance Requests, even when construing the facts in Plaintiff's favor, Plaintiff did not set forth necessary accommodation requests.  Accordingly, Count X was dismissed. Memorandum Opinion, pp. 21-23, 28, 29. Regarding the Yard Storage Requests related to the patio and the trellis, even when liberally construing the facts in Plaintiff's favor, neither of these requests clearly pleaded necessity.  Thus, the Court dismissed these parts of Count VI. Memorandum Opinion, pp. 21-23, 29, 30.

Regarding the Storage Shed requests, Count VI, liberally construing the facts in Plaintiff's favor, the Court found that Plaintiff did sufficiently plead this claim. Memorandum Opinion, pp. 21-23, 30-34.   In their Answering Memorandum, the BFMA Defendants seek this Court's reconsideration of the denial of its  motion to dismiss as to Count VI (storage sheds). Reviewing the Answering Memorandum, the BFMA Defendants object to this Court's analysis of the caselaw to which they cited in their Reply memorandum in support of their motion to dismiss, and suggest that the Court misinterpreted three cases upon which it relied in dismissing the majority of Plaintiff's claims.  Answering Memorandum, pp. 7, 8.  Put another way, the BFMA Defendants argue that the Court erred by not finding that the Fair Housing Act's  "use and enjoyment" clause has an "objective legal meaning," rather than what these Defendants allege was the Court's subjective interpretation of this phrase. Answering Memorandum, pp. 11-23.   The Court has reviewed the cases cited by the BFMA Defendants in their Answering Memorandum, including *Gavin v. Spring Ridge Conservancy*, 934 F.Supp. 685, 688 (D. Md. 1995), and the cases cited by the BFMA Defendants in their Reply to their motion to dismiss. Some of the cases were before the

---

[14] The Court dismissed the retaliation count, Count V, because the Balcony Requests were not necessary accommodations/modifications, therefore there was no protected activity, and Plaintiff's vague and rambling factual assertions did not plausibly demonstrate a causal nexus between his accommodation/modification request and any alleged retaliatory actions. Memorandum Opinion, pp. 27, 28.

Court when it wrote its Memorandum Opinion, some of the cases are new. In the Memorandum Opinion, the Court found that it disagreed with the BFMA Defendants interpretation of what the *Gavin* court held; i.e., the *Gavin* court did not hold that where an accommodation/modification provides a direct ameliorative effect to a disability, such accommodation/modification is not "necessary" simply because it relates to a recreational activity, such as gardening. Memorandum Opinion, pp. 32, 33. Next, the Court found that because the Fourth Circuit has not directly addressed whether an FHA violation can be predicated on whether an individual is denied an accommodation/modification that relates principally to a recreational activity, resort to caselaw in the Third, Sixth, and Eleventh Circuits was instructive. In the Answering Memorandum, the BFMA Defendants cite to that circuit caselaw, and request that the Court interpret them differently. Answering Memorandum, pp. 17-23. The BFMA Defendants' Answering Memorandum basically relitigates the propriety of the Court's determination as to Count VI. In the absence of clear direction from the Fourth Circuit, letting the Court's prior interlocutory order to remain does not amount to clear error or a manifest injustice.

In sum, upon thorough consideration of Plaintiff's Reconsideration Motion, Reconsideration Memorandum, and Replies, the Court finds that read generously, they are manifestations of his disagreement over the Court's interlocutory ruling, and are really just an attempt to relitigate the Court's determination. The Court does not believe that its interlocutory ruling was error or that Plaintiff has met the high bar for reconsideration. Plaintiff has not presented new evidence, a change in applicable law, or any reason demonstrating that if the Court's interlocutory order stands it would result in a manifest injustice or constitute clear error. *See Carlson*, 856 F.3d at 325.

Similarly, the BFMA Defendant's Answering Memorandum, to the extent that the Court is required to consider it as an opposition rather than a second reconsideration motion, does not identify evidence obtained through litigation, does not articulate a change in applicable law, nor does it establish clear error causing manifest injustice.

Assuming, *arguendo*, that Plaintiff has met the high bar of establishing error, he fails to establish that the Court was "dead wrong" in a way that stinks like "a five-week-old, unrefrigerated dead fish."  *U.S. Tobacco Coop.*, *supra*, 899 F.3d at 258.

**III.    CONCLUSION**

For the foregoing reasons, the Reconsideration Motion is **DENIED.**

A separate Order will follow.


Dated: July 3, 2024                                  _____/s/_____
                                                     The Honorable Gina L. Simms
                                                     United States Magistrate Judge