IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| EDWARD SIGUEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Case No. GLS-22-672 |
| KING FARM CITIZENS ) | |
| ASSEMBLY, INC., *et al*., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION RELATED TO MOTION FOR RECONSIDERATION
FILED BY DEFENDANTS LAURENCE FRANK
AND BENNETT FRANK MCCARTHY ARCHITECTS, INC.**

Plaintiff Edward Siguel ("Plaintiff") filed suit against the following Defendants: King Farm Citizens Assembly, Inc. ("Defendant KFCA"); Donald B. Jackson, Tracy L. Jackson, Nancy Paul, Susan Beckerman, Christopher Leschack, Richard Ricciardi, Matthew Roh, Karen Sicard, Martin P. Green, and Brandi Ruff ("King Farm Individual Defendants"); Ursula Burgess, Esq. ("Defendant Burgess"); and Laurence Frank and Bennett Frank McCarthy Architects, Inc. ("Defendant Frank" and "Defendant BFMA," respectively or collectively "BFMA Defendants"). (ECF No. 1). Thereafter, Plaintiff was granted leave to file a First Amended Complaint. (ECF Nos. 15, 22).

The First Amended Complaint appears to advance the following claims against all Defendants, except as otherwise noted: Count I, violation of the Fair Housing Act (FHA), by failing to allow reasonable modifications(balcony); Count II, failure to allow reasonable accommodations (balcony), in violation of the FHA and the ADA; Count III, disparate impact (balcony), in violation of the FHA; Count IV, disparate impact (balcony), in violation of the FHA;

Count V, retaliation in violation of the FHA; Count VI, failure to allow for reasonable modifications (sheds, patio, and trellis), in violation of the FHA; Count VII declaratory relief related to the King Farm Individual Defendants' ability to enforce their governing documents; Count VIII, intentional discrimination, in violation of the FHA; Count IX, failure to allow for reasonable accommodations and/or modifications, in violation of the FHA and the ADA; and Count X, which appears to involve allegations of trafficking, involuntary servitude, and forced labor, which Plaintiff believes is in violation of 15 U.S.C. §§ 1589, 1590. (ECF No. 22, hereinafter "First Amended Complaint").

Subsequently, all Defendants filed motions to dismiss the First Amended Complaint. (ECF Nos. 33, 34, 43). Plaintiff opposed the motions, and the Defendants replied. (ECF Nos. 49, 50, 51, 63, 64, 67). In a thirty-eight-page Memorandum Opinion and an Order dated October 12, 2023, the Court granted in part and denied in part the motions to dismiss.  (ECF Nos. 84-85). Specifically, I granted in part the motion by dismissing: (1) Counts I-V, VII, VIII, IX, and X as to all Defendants; (2) that part of Count VI related to the: (i) the Balcony Requests; (ii) the Yard/Storage Requests pertaining to the brick patio over soil; and (iii) the trellis, as to all Defendants; and (3) that part of Count VI, related to the requests for modification(s) of the storage sheds on Plaintiff's front porch and in the back of Plaintiff's house, only for the King Farm Individual Defendants and Defendant Burgess. However, I denied the motion as to Count VI for Defendant KFCA and the BFMA Defendants, specifically pertaining to the accommodation/modification requests related to the storage sheds. *Id.*[1]

---

[1] The extensive procedural history in this case is set forth in the Court's prior memorandum opinion, and in its July 2024 memorandum opinion denying a motion for reconsideration filed by Plaintiff Edward Siguel. *See* ECF Nos. 84, 119.

Presently pending before this Court is the BFMA Defendants' motion for reconsideration of the Court's interlocutory order. ("Reconsideration Motion")(ECF No. 93). Plaintiff Edward Siguel ("Plaintiff") filed an opposition, and the BFMA Defendants filed a Reply.  (ECF Nos. 95, 99).  Plaintiff also filed a motion for leave to file a surreply. (ECF No. 113).  The aforementioned filings have been reviewed, and no hearing is necessary.  *See* Local Rule 105. (D. Md. 2023).  For the reasons set forth herein, the Reconsideration Motion is denied, and the Plaintiff's Motion to file a surreply is granted.

I.   **LEGAL STANDARDS**

   A.  **Reconsideration of Interlocutory Order**

Consistent with Fed. R. Civ. P. 54(b), the Court's ruling resolving the BFMA Defendants' motion to dismiss is considered an interlocutory order.  *Deitemyer v. Ryback*, Civ. No. ELH-18-2002, 2019 WL 4393073, at *1 (D. Md. Sept. 12, 2019). According to the Fourth Circuit, a lower court "retains the power to reconsider and modify its interlocutory [rulings]. .at any time prior to final judgment." *U.S. Tobacco Coop., Inc. v. Big South Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018).

In this Circuit, it is true that the resolution of a motion to reconsider an interlocutory order is "committed to the sound discretion of the [lower] court," *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003), whose goal is "to reach the correct judgment under law." *Deitemyer*, *supra*, 2019 WL 4393073, at *1(quoting *Netscape Commc'n Corp v. ValueClick, Inc.*, 704 F.Supp. 2d 544, 547 (E.D. Va. 2010)(internal citations omitted)). That being said, the Fourth Circuit also makes clear that a court's discretion under Rule 54(b) is not "limitless," and that appellate court has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as

3

law of the case.[2]" *Tobacco Coop*, 899 F.3d at 257.  According to the Fourth Circuit, this is because a court's discretion to revisit earlier rulings in the same case is also subject "to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Tobacco Corp*, *supra*, at 257 (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2nd Cir. 2003)(internal quotation marks omitted)); *see also Sejman Warner-Lambert Co., Inc.*, 845 F.2d 66, 68 (4th Cir. 1988)(citation omitted)(law of the case doctrine is a "prudent judicial response to the public policy favoring an end to litigation")).

Putting all of these legal concepts together, then, the Court understands the law to be that a court can revise an interlocutory order "in the same circumstances in which [a court] may depart from the law of the case, [namely]: (1) a subsequent trial proceeding producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson. v. Bos. Sci. Corp*, 856 F.3d 320, 325 (4th Cir. 2017)(internal quotation marks and alteration omitted).

The first *Carlson* basis to revise an interlocutory order applies to "account for potentially different evidence discovered during litigation." *Tobacco Corp*, *supra*, 899 F.3d at 256(quoting *Carlson, supra,* 856 F.3d at 325).  Thus, in order for the Court to revise its interlocutory order based on substantially different evidence put in front of it, there has to be evidence discovered during litigation, "not simply [material] that a party could have offered initially, but chose not to." *Smith v. Wormuth*, Civ. No. ELH 20-419, 2022 WL 44625, at *3(further citation omitted).

---

[2] According to the Supreme Court, the "law of the case doctrine" provides that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Musacchio v. United States*, 557 U.S. 237, 244-45 (2016)(quoting *Pepper v. United States*, 562 U.S. 476, 506 (2011); *see also Carlson v. Bos. Sci. Corp*, 856 F.3d 320, 325 (4th Cir. 2017)(same). The goal behind this doctrine is to promote the interests of finality and judicial economy. *Christianson v. Colt Indus. Oper. Corp.*, 486 U.S. 800, 816 (1988); *see also Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69  (4th Cir. 1988)(law of the case doctrine precludes a party from reviving issues that were previously decided).

Next, under *Carlson*, a reconsideration motion may be properly entertained when there is a change in applicable law. 856 F.3d at 325. Thus, a reconsideration motion may be proper when, for example "the law has been changed by a body with greater authority on the issue [presented, such as] a court higher in hierarchy of a single court system, a state court developing law that controls [a] decision by a federal court, an administrative agency that is peculiarly responsible for elaborating a statutory scheme, or the same court sitting en banc." Charles Allen Wright & Arthur Miller, *Federal Practice and Procedure § 4478* (3d. ed. June 2024).

Finally, regarding the third basis for reconsideration of a court's interlocutory order, the Fourth Circuit has held that it is difficult to meet the high bar of establishing clear error causing manifest injustice. Specifically, the Fourth Circuit has held:

> As we have noted on more than one occasion, "[a] prior decision does not qualify for th[e] third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong."

*U.S. Tobacco Coop.*, *supra*, 899 F.3d at 258 (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009))(alterations in *U.S. Tobacco Coop.*). Put another way, a party cannot use a motion for reconsideration "to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." *Lynn v. Monarch Recovery*, 953 F. Supp. 2d. 612, 620 (D. Md. 2013)(further citation omitted); *see also Sanders v. Prince George's Public School System*, Civ. No. RWT-08-501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011)(reconsideration motion "not a proper place to re-litigate a case after the court has rule against a party, as mere disagreement with a court's rulings will not support granting such a request").

### B. Surreply

Local Rule 105.2(a) (D. Md. 2023) provides that a party is precluded from filing a surreply without a court's permission. Whether a court should permit such a surreply lies solely within its discretion. *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part*, 778 F.3d 463 (4th Cir. 2015). A court can permit a surreply when the party seeking to file the surreply "would be unable to contest matters presented to the court for the first time" in the opposing party's reply. *Clear Channel Outdoor, Inc. v. Mayor & City Council of Balt.*, 22 F. Supp. 3d 519, 529 (D. Md. 2014).

## II. DISCUSSION

### A. Surreply

Plaintiff Siguel seeks leave to file a surreply to respond to the BFMA Defendants' Reply. (ECF No. 113). In essence, Plaintiff Siguel seems to allege that the BFMA Defendants raised new arguments in their Reply, namely: (a) related to his "enjoying the housing of his choice;" and (b) because Plaintiff has "purchased and has lived in his house since 2001 without a shed in his front yard or porch," he has not been "denied the ability to live in the neighborhood of his choice." *Id.*, p.1.

In this case, the Court finds that a surreply is appropriate. The Court agrees with the Plaintiff that the BFMA Defendants essentially raised the above-referenced arguments in their Reply. *See, e.g.,* Reply, pp. 3-6.[3] Accordingly, the Court will grant the request to file a surreply.

### B. Arguments

The BFMA Defendants seek reconsideration of the Court's Memorandum Opinion and Order as it relates to Count VI (storage sheds). In particular, the BFMA Defendants aver that the

---

[3] *See also,* Memorandum Opinion issued today by this Court. ECF No. 119, Section II.A.4.

Court erred in not dismissing Count VI because the Court's ruling "assign[ed] as a matter of law a greater authority to the BFMA Parties than is supported by the undisputed facts of their contractual role as the Community Architect tasked by the King Farm Charter with the narrow responsibility of reviewing Titleholder requests for changes in the exterior visual appearance of their properties for technical compliance with the King Farm Design Guidelines and Standards." Reconsideration Motion, p. 2.  In support of their arguments, the BFMA Defendants assert that the Court failed to properly analyze caselaw, which they interpret to require Plaintiff to plead "affirmative acts of discrimination or "enforce[ment of] a corporation's discriminatory rules or policies" to establish their failure to allow for reasonable accommodations/modifications. Reconsideration Motion, p. 7.  Relatedly, the BFMA Defendants contend that because the Court dismissed Counts III and VIII against the King Farm Individual Defendants, Count VI should be dismissed against them because the Plaintiff "fails to properly allege the requisite 'discriminatory purpose' to plausibly allege discrimination claims."  Reconsideration Motion, p. 6.

In the opposition, Plaintiff Siguel seems to argue that revision of the Court's interlocutory order related to Count VI is unwarranted for several reasons, including: (a) the First Amended Complaint adequately pleads facts to support plausible FHA claims against the BFMA Defendants for their contributory role in failing to allow for a reasonable and necessary accommodation/modification (storage sheds); (b) he need not plead intentional discrimination by the BFMA Defendants to establish liability under the FHA for Count VI; (c) the fact that the BFMA Defendants were not "ultimate decision makers" does not preclude a finding of FHA liability against them; and (d) the case of *Howard v. City of Beavercreek*, 108 F.Supp.2d 866 (S.D. Ohio 2000), supports his view that "concerns for aesthetics and property values to [not] be viable reasons for potentially violating a handicapped individual's rights under the FHAA." Opposition,

pp. 23, 11-24.[4]

In their Reply, the BFMA Defendants do not explicitly allege that the Court erred, rather they offer their analysis of a case cited by Plaintiff in the Opposition, *Howard v. City of Beavercreek*, suggesting that the Court's analysis of that case should lead it to revise its interlocutory order and dismiss them entirely from Count VI. Reply, pp. 4, 5.

### C. Analysis of *Carlson* Factors

As a preliminary matter, the BFMA Defendants do not contend that this Court should revise it interlocutory order due to evidence obtained during litigation. Nor do they allege that there has been a change in applicable law. Rather, their challenge implicates the third *Carlson* basis for reconsideration: namely, that the Court has clearly erred in three respects by not dismissing Count VI (storage sheds).

A slightly different iteration of some of the BFMA Defendants' arguments were already before the Court when it considered their motion to dismiss and issued its Memorandum Opinion. *See* Memorandum Opinion, p. 15.

Regarding Count VI (storage sheds), to establish a claim of failure to allow a modification/accommodation under the FHA, Plaintiff must demonstrate that a defendant refuses to: (a) "permit. . . at the expense of the handicapped person, reasonable modifications. . .if those modifications may be necessary to afford the person full enjoyment of the premises;" or (b) "make reasonable accommodations. . . when such accommodations may be necessary to afford such

---

[4] Several parts of the Opposition appear to contain arguments suggesting that the Court erred in granting the motions to dismiss filed by the King Farm Individual Defendants and Defendant KFCA. *See, e.g.,* ECF No. 95, pp. 5, 12, 22, 25. Plaintiff Siguel has already timely-filed a motion to reconsider the interlocutory order dismissing the King Farm Individual Defendants and Defendant KFCA, which is the subject of separately memorandum opinion issued by the Court. (ECF Nos. 92, 94, 119). Plaintiff also filed a Reply to Defendant KFCA's opposition. (ECF No. 115). Because Plaintiff Siguel has already had ample opportunity to timely raise any arguments seeking reconsideration of the interlocutory order related to the King Farm Individual Defendants and Defendant KFCA, the Court declines to consider further argument from Plaintiff Siguel on this score; indeed, to do so would allow Plaintiff another "bite at the apple" via an untimely-filed pleading.

person equal opportunity to use and enjoy a dwelling." 42 U.S.C. §§ 3604(f)(3)(A), (B); *see also Bryant Woods Inn, Inc. v. Howard Cnty, Md.*, 124 F.3d 597, 604 (4th Cir. 1997); *Acosta v. A&G Mgmt. Co., Inc.*, Civ. No. WMN-14-515, 2014 WL 1236918, at *2 (D. Md. 2014)(citation omitted); *see Gavin v. Spring Ridge Conservancy, Inc.*, 934 F. Supp. 685, 687-88 (D. Md. 1995).

The Court reviewed the First Amended Complaint and construed the facts in Plaintiff's favor. In so doing, the Court found that Plaintiff had adequately pleaded that the BFMA Defendants and the KFCA Defendant failed to allow for reasonable or necessary accommodations/modifications for the storage sheds and denied his requests without explanation, in a manner that violates the FHA. *See* Memorandum Opinion, pp. 4-9, 20-25, 30-36. The Reconsideration Motion and Reply do not establish that the Court erred. Instead, the BFMA Defendants disagree with the Court's interlocutory ruling. This is not a proper basis for reconsideration. *See Lynn*, *supra*, 953 F.Supp. 2d at 620.

The Court is not required to repeat the same arguments that it considered and rejected before in deciding the motions to dismiss. *Sanders*, 2011 WL 4443441, at *1. In analyzing this Reconsideration Motion, the Court again looked at the First Amended Complaint and again finds that Plaintiff has adequately pleaded that he is handicapped, that there is a causal connection between the storage shed requests and his disability, thereby making the sheds reasonable and necessary under the FHA. The Court again finds that Plaintiff has also adequately pleaded that: (a) the BFMA Defendants' role was to take Plaintiff's proposed accommodation/modification request for the storage sheds and make recommendations to the KFCA's Architectural Design Trust about whether such requests were consistent with the "King Farm Community Charter;"[5] and (b) the

---

[5] In the Memorandum Opinion, the Court exercised its discretion and held that the Charter was integral to the First Amended Complaint. Memorandum Opinion, ECF No. 84, p. 11. In their Reply, the BFMA Defendants seem to argue that this Court should consider the King Farm Bylaws as integral to the First Amended Complaint. Reply, p. 2. In the Memorandum Opinion, the Court declined to consider documents like the Bylaws as integral to or sufficiently

BFMA Defendants' actions, however they are characterized, contributed to the KFCA's ultimate decision to refuse to permit Plaintiff to have the storage sheds as an accommodation/modification. Those affirmative acts include aiding the King Farm Architectural Design Trust ("ADT") in "maintaining the visual integrity of the [King Farm] Community." The ADT makes recommendations to the BFMA Defendants or the BFMA Defendants made recommendations to the KFCA Defendant, based on applications for changes or improvements made by homeowners like Plaintiff Siguel. Plaintiff Siguel further pleads that he had several interactions with Defendant Frank, including about the sheds, and that Defendant Frank made recommendations related to the same, all of which result in denials of his requests. Put another way, none of Defendant Frank's recommendations were rejected by the KFCA Defendant. *See,* First Amended Complaint, *e.g.*, ¶¶ 3, 22, 23, 24, 79, 158, 240, 241, 246-248, 250, 272, 313, 362, 363, and Charter, §4-101 (ECF No. 33-4), which was incorporated by reference into the Complaint. *See* Memorandum Opinion, p. 11. The fact that the KFCA Defendant maintained ultimate decision-making authority over a decision to deny an accommodation does not negate the role that the BFMA Defendants' recommendations contributed to the decision-making process. *See Fair Hous. Ctr. of the Greater Palm Beaches, Inc. v. Sonoma Bay Cmty. Homeowners Ass'n, Inc.*, 141 F. Supp. 3d 1321, 1326 (S.D. Fla. 2015); *Connecticut Fair Hous. Ctr. v. Corelogic Rental Prop. Sols., LLC*, 369 F. Supp. 3d 362, 375 (D. Conn. 2019).[6]

---

incorporated by reference in the First Amended Complaint. Memorandum Opinion, ECF No. 84, p. 11. Given the procedural posture of this case, this ruling is consistent with the law. *Occupy Columbia v. Haley*, 738 F.3d 107, 116-17 (4th Cir. 2013). Thus, no error occurred, let alone error that causes manifest injustice if not corrected.

[6]   The cases cited by the BFMA Defendants do not lead the Court to a different ruling. In *Sonoma Bay Cmty. Homeowners Ass'n, Inc.*, the court was resolving a summary judgment motion, not a motion to dismiss. The case involved allegations of discriminatory conduct perpetrated by a property manager and a homeowners' association in denying rental applications of prospective renters based on their familial relationship. In that case, following discovery, the court held that the defendant property manager could not be found liable for an FHA violation because she only had limited involvement in the application process. 141 F. Supp. 3d at 1326. In the instant case, as articulate above, Plaintiff has pleaded sufficient facts from which a reasonable inference can be drawn that the BFMA Defendants played a more significant role in a process that led to the denial of his accommodation/modification

In addition, contrary to the BFMA Defendants' arguments, the law does not require Plaintiff to demonstrate that the BFMA Defendants advised the KFCA Defendant on how to comply with the FHA for Plaintiff to state a viable FHA failure to accommodate claim against them. All that is required is that Plaintiff adequately plead that the BFMA Defendants acted in a way so as to contribute to an entity's "discriminatory rules." *Fair Hous. Ctr. of the Greater Palm Beaches, Inc.*, 141 F. Supp. at 1326. At this procedural juncture, Plaintiff Siguel has adequately pleaded a causal connection between the BFMA Defendants' authority and their use of that authority in a manner that contributed to the FHA violation. Moreover, the Charter provides homeowners like Plaintiff Siguel with the right to independently appeal decisions made by the Community Architect (i.e., the BFMA Defendants), which further highlights that the BFMA Defendants' authority carries greater weight than what they suggest in their Reconsideration Motion. *See* Charter, §4-103 (ECF No. 33-4). At this juncture, when liberally construing the facts in favor of Plaintiff Siguel, he articulates just enough facts from which a reasonable inference can be drawn that the actions of the KFCA Defendant and the BFMA Defendants were discriminatory, they were aware of their illegal conduct, and that the BFMA Defendants "personally contributed

---

requests. *See* First Amended Complaint, *e.g.,* ¶¶ 22, 23, 24, 49-56, 79, 87, 91, 97-101, 158, 240, 246-248, 250 272, 313, 362, 363.

In *Connecticut Fair Hous. Ctr.*, the defendant, a consumer-reporting agency specializing in tenant screening, conducted criminal background screenings for an apartment complex where plaintiff sought to rent an apartment. The screenings consisted of mining criminal records databases and putting them in reports that the defendant provided to the apartment complex. That report, which also contained fields devised by the defendant, found that plaintiff should be disqualified from tenancy. The plaintiff alleged disqualification based on several factors including disability and race coupled with the fact that the apartment complex's criminal background policy disproportionately impacted applicants based on race. The court ultimately held that the defendant provided the criteria upon which the apartment complex relied to deny plaintiff's rental application. The court further held that plaintiff adequately pleaded that the report did not individually assess the plaintiff's suitability as a renter and that the apartment complex relied upon the report. Because the apartment complex's decision to deny plaintiff's tenancy was based on the defendant's screening process, which discriminated against Plaintiffs in the provision of housing  race and disability, the defendant personally contributed to the alleged FHA violation. 369 F. Supp. 3d at 375. In the instant case, as cited above in this memorandum opinion, Plaintiff has pleaded sufficient facts from which a reasonable inference can be drawn that Defendant Frank played a more significant role in the denial of Plaintiff Siguel's accommodation/modification requests. *See* First Amended Complaint, *e.g.,* ¶¶ 22, 23, 24, 49-56, 79, 87, 91, 97-101, 158, 240, 246-248, 250, 272, 313, 362, 363.

to a [FHA] violation" by refusing all of his modification/accommodation requests (sheds) without justification. S*ee* First Amended Complaint, *e.g.,* ¶¶ 22, 23, 24, 49-56, 79, 87, 91, 97-101, 158, 240, 246-248, 250 272, 313, 362, 363; Memorandum Opinion, pp. 20-34.

Next, the BFMA Defendants argue that dismissal of Counts III and VIII against the King Farm Individual Defendants requires dismissal of Count VI (storage sheds) against them. It seems that the BFMA Defendants misapprehend the Court's ruling.  The Court dismissed Counts III and VIII because the Plaintiff failed to clearly plead whether he was raising a claim for disparate treatment or disparate impact. The Court, when construing the First Amended Complaint as best it could interpret it, inferred that Plaintiff was raising a disparate impact claim, and found that Plaintiff failed to identify a policy or practice that resulted in a disparate, discriminatory impact. Thus, even when viewing the facts in favor of the Plaintiff, he failed to adequately plead that specific type of claim of discrimination. The ruling was not meant to be construed as finding that Plaintiff has failed to adequately plead that the BFMA Defendants' recommendations related to the Charter and aesthetic and other guidelines are discriminatory. Rather, the ruling was simply that Plaintiff failed to satisfy the dictates of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A separate word about the case of *Howard v. City of  Beavercreek.* BFMA Defendants suggests that an analysis of that case requires this Court to revise its interlocutory order and dismiss them entirely from Count VI.  Reply, pp. 4, 5.  In the *Howard* case, the procedural posture was that the court was resolving a summary judgment motion, not a motion to dismiss.  Thus, the court had no *evidence* before it that plaintiffs were denied their ability to buy a home of their choice, in the neighborhood of their choice, and there was no evidence that plaintiffs were denied the ability to enjoy that home for years without the requested accommodations.  Thus, there was no FHA

violation by the zoning board that denied their accommodation request. 108 F.Supp. 2d at 874. Here, however, there has been no discovery, and the Court's analysis is different. Construing the First Amended Complaint as best as the Court can, it is true that Plaintiff does not plead that he was denied the ability to live in the neighborhood of his choice. However, Plaintiff has adequately pleaded that he is handicapped and that there is a causal connection between the storage shed requests and his disability, thereby making the sheds reasonable and necessary under the FHA. Under these circumstances, the Court did not err in not following *Howard*.

In sum, upon thorough consideration of the Reconsideration Motion, the Court finds that the BFMA Defendants are trying to relitigate the propriety of the Court's interlocutory order denying the motion to dismiss as to Count VI (storage sheds). The Court does not believe that its interlocutory ruling was erroneous, or that the BFMA Defendants have met the high bar for reconsideration. The BFMA Defendants have not presented new evidence, a change in applicable law, or any reason demonstrating that if the Court's interlocutory order stands it would result in a manifest injustice or constitute clear error. *See Carlson*, 856 F.3d at 325.

Assuming, *arguendo*, that the BFMA Defendants have met the high bar of establishing error, they fail to establish that the Court was "dead wrong" in a way that stinks like "a five-week-old, unrefrigerated dead fish." *U.S. Tobacco Coop.*, *supra*, 899 F.3d at 258.

### III. CONCLUSION

For the foregoing reasons, the Reconsideration Motion filed by the BFMA Defendants is **DENIED**, and Plaintiff's request to file a surreply is **GRANTED.**

A separate Order will follow.

Dated: July 3, 2024                                                                /s/
                                                                       The Honorable Gina L. Simms
                                                                       United States Magistrate Judge