**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**RE**: Siguel v. King Farm Citizens Assembly, Inc. ("**KFCA**") *et al*; Case No. **22-CV-00672-GLS**.
**Attention Judge Gina L. Simms**. Pursuant to Letter Order for motions.
**Letter/Notice pre filing motion to STAY KFCA demands to install balcony**

**I. Introduction**

Pending resolution of **Plaintiff/Owner**'s claims under the Fair Housing Act ("**FHA**"), Plaintiff respectfully ask this Court for an order staying ("**STAY**") all enforcement actions by Defendant KFCA, a Homeowners Association ("**HOA**"), relating to KFCA demand that Owner immediately install a fake balcony or be severely punished, even though installing the balcony causes irreparable harm to Owner and violates FHA. Currently liability decisions in this case are waiting for mediation in February or March, 2026. By then it will be too late for Owner, forced to comply with KFCA and county demands now. Exhibit with recent KFCA demand attached.

**II. Standard for review for stay is same as for injunction**

A stay or preliminary injunction is governed by the same equitable factors articulated in *Winter v. Natural Resources Defense Council, Inc.,* 555 US 7, 20 (2008). Four factors apply: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009).

**III. Arguments**

**A. Plaintiff is likely to prevail on the Merits**

Plaintiff seeks a reasonable modification under FHA § 3604(f)(3)(A), 24 CFR §100.203(a).

> "(a) It shall be unlawful for any person to refuse to permit, at the expense of a handicapped person, reasonable modifications of existing premises, . . , if the proposed modifications may be necessary to afford the handicapped person full enjoyment of the premises."

*The undisputed facts are simple*. KFCA demands Owner reinstall a previously existing fake, decorative balcony on his porch roof (or install a similar one and reduce water leaks). KFCA makes its demands for aesthetic reasons, alleging it has the right, under KFCA founding documents, its Community Charter ("**Charter**"), to control exterior appearances, including the requirement for a decorative fake balcony that previously caused water leaks, damaged the porch roof (which required replacement of roof and infrastructure) because installation of the balcony requires piercing the roof.  Owner requested the modification of no balcony, which protects the roof from leaks. No balcony is reasonable, feasible, common, many houses do not have fake balconies on a roof porch (particularly one without door access from the house). The balcony requires frequent maintenance to inspect potential damage or water leaks. Such activities require movement up and down to inspect about 9 columns/posts and railing, caulk, paint, repair, which Owner must do after each rain, snow, wind, causing severe, irreparable harm to Owner's health and well-being. It is a major source of distress on rainy and windy days (common now). Installing and maintain the balcony causes pain, requires time, physical and mental resources, which reduce Owner's time, stamina, physical and mental resources to use, fully enjoy his house. Not installing the balcony is necessary for owner to use, enjoy his home, reduce adverse disability consequences.

When Plaintiff requested that KFCA allow no balcony under the FHA (alternative theories, modification, accommodation, least adverse action), KFCA rejected his request. These facts meet all the elements of proof *in Group Home on Gibson Island, LLC v. Gibson*

*Island Corp.*, No. 23-2295 (4th Cir. July 15, 2025) ("**Gibson 4th Cir**"). The Gibson Court explained that "necessity" is limited to evaluating the Owner's specific request and its effects on use and enjoyment. KFCAs' proposed alternatives (such as requiring contractors) cannot be part of the "necessity" analysis.

KFCA allows modifications by Owner. However, KFCA demands installation and maintenance of the balcony. KFCA's alternative requires time, labor, movement. Compared with Owner's requests, KFCA alternatives are less cost/effective to accomplish Owner's goals, purposes, and thus are not reasonable as required by Gibson 4th Cir. Otherwise, KFCA can make the FHA practically irrelevant by claiming its subjective aesthetics and procedures are more cost/effective than Owner's proposals.

KFCA has no valid defenses. No applicable FHA exceptions. Requests do not change the nature and purpose of KFCA, cost zero to KFCA (actually, saves them money, time, reduces litigation and administrative costs).

In 2021, KFCA filed a complaint with the Montgomery County ("**MoCo**") Commission on Common Ownership Communities ("**CCOC**"). The CCOC ordered that Owner either reinstall the balcony or submit a new Design Review Application ("**DRA**") to install a new balcony to reduce water leaks. Owner appealed the decision in MD state courts. The Courts affirmed the CCOC decision. To comply with KFCA demands, Owner submitted alternative designs, including no balcony. KFCA alleged the FHA did not apply. Instead of waiting for a decision from a federal court, in October, 2025, KFCA asked CCOC to enforce KFCA demands against Owner. CCOC and KFCA threaten Owner with $500/day penalties, and other adverse actions. They require extensive administrative proceedings, amounting to thousands of dollars of penalties unlikely to be recovered later, unless the Court STAYS KFCA actions.

**As a reasonable, necessary accommodation under the FHA**, Owner requested KFCA STAY all actions pending resolution of the claims about the balcony in federal court. The request is reasonable (benefits all parties, save time and money). The federal government may suspend or terminate federal benefits to entities that violate the FHA. It is in the best interest of Defendants to wait for a federal decision. The accommodation is necessary to prevent irreversible harm to Owner (via penalties, and other adverse actions) that reduce use, enjoyment of Owner's home. Such accommodation/stay is necessary for equal opportunity, use, enjoy home, because Owner's disability causes him harm to supervise installation (his presence and monitoring is essential because only he knows where the posts/columns go, how the infrastructure on the roof was built, etc.).

Without explanation and without legitimate justification, KFCA either rejected or ignored (a denial) the request for stay. Owner submits the denial violates FHA.

Review of balcony design requests, including no balcony, requires decision (approval or denial) by the **Community Architect** ("**CA**"). **CA** is a unique position that requires nomination by KFCA President and approval by Trustees. Such agreements do not exist (admitted during discovery). The CA does not exist. Architect Frank/ BFMA state Frank did not comply with FHA, admits Frank lacks education, experience to comply with FHA. It means Frank's decisions as CA for KFCA are invalid. Without a CA, KFCA cannot deny Owner's request for no balcony.

**B. Plaintiff/Owner will suffer irreparable Harm absent a stay**

Without a stay, Owner faces coercive penalties and economic losses, which are impractical (and expensive) to quantify and recover. Owner will be forced to frequently inspect and maintain his new balcony during rains, winds, supervise workers on a roof, tasks that require movement, cause irreparable physical and mental harm to Owner, reduce his lifespan and well-

being, reduce his limited time in life due to age and health. Further, the loss of housing rights and denial of FHA rights constitute irreparable harm.

Owner cannot comply with KFCA relentless annual demands for exterior appearances. The distress and work demanded cause irreparable harm to Owner, reduce his lifespan, contributed to premature death of his son. KFCA actions make it impossible for Owner to live, use, enjoy his house. Without a decision on liability against KFCA, defendants force Owner out of his home now or with future demands disguised as enforcement of KFCA rules. Owner needs a permanent decision on liability.

KFCA created conditions where the only option is for Owner to sell at a huge loss and move out, unless the Court finds FHA violations. Since Dec 31, 2024, KFCA created long lists of alleged home appearance violations, many a repeat of 2019 alleged violations resolved against KFCA by its Board of Code Compliance. KFCA spends little time to send complex demands, and Owner spends over $10K for corrections and over 100 hours of his time and movement.

Current litigation is a judiciary trap for disabled Owner. It takes years to resolve liability. Meanwhile, KFCA uses state administrative procedures to quickly (weeks) impose thousands to tens of thousands of penalties and other adverse action against Owner. To recover them later, Owner would need to sue KFCA and state entities, a process that would take years. Owner likely will be dead or incapacitated long before.

**C. The Balance of Equities favors the Owner; there is no harm to KCFA from the stay**
Owner's harm (movement, penalties, denial of statutory rights) outweighs any inconvenience to KFCA in delaying enforcement. The 4th Circuit emphasizes upholding civil rights serves the public interest. See *Centro Tepeyac v. Montgomery County*, 722 F.3d 184, 190–91 (4th Cir. 2013) (balance of equities favors protecting constitutional and statutory rights; a state is in no way harmed by issuance of a preliminary injunction which prevents the state from enforcing restrictions likely to be found unconstitutional. If anything, the system is improved by such an injunction." *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 521 (4th Cir.2002).

**D. Public Interest benefits from a STAY to wait for a federal decision on FHA**
Congress enacted the FHA to eliminate housing discrimination and make it easier for disabled individuals to stay, use and enjoy the home of their choice, and not be forced to move to a retirement community (saving money to government agencies). Enforcing civil rights laws serves the public interest. See *Legend Night Club v. Miller*, 637 F.3d 291, 303 (4th Cir. 2011)

**IV. Relief Requested**
KFCA refuses to STAY demands while case is pending, to preserve the court's ability to make a considered decision. Owner respectfully requests that this Court order a STAY of all KFCA enforcement actions, penalties, or demands to install a balcony until final resolution of this case, to maintain the status quo. Owner requests the Court allow adequate briefs, to preserve the issue for appeal and/or interlocutory appeal.
Attachment Exhibit #CCOC1. KFCA's demand with county for Owner to install balcony.

Respectfully, E. Siguel, pro se. Dec 16, 2025   *[signature]*
501 Crooked Creek Dr., Rockville, MD 20850. Phone =301 869 0836. kfhoaccoc@outlook.com.
**CERTIFICATE OF SERVICE**
I hereby certify that a copy of this document was emailed (as agreed by the parties) on this date to Attorneys for Defendants at ccgrant@lerchearly.com; kraymond@fandpnet.com

Respectfully, E. Siguel, pro se. Dec 16, 2025   *[signature]*